UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4: 22 CV 375 DDN |
| JEFFERSON COUNTY, MISSOURI, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendants Jefferson County, Missouri; Jacob Schulman; Phillip Crews; and Dave Marshak to dismiss or, in the alternative, for a more definite statement. (Doc. 9.) The Court heard argument by the parties on August 31, 2022. On October 14, plaintiff moved for leave to file an amended complaint, which defendants oppose. (Docs. 28, 29.)

The parties have consented to the exercise of plenary authority by a United States Magistrate Judge under 28 U.S.C. § 636(c). For the reasons set forth below, defendants' motion to dismiss is sustained in part and denied in part, and plaintiff's motion to amend his complaint is sustained in part and denied in part.

**BACKGROUND**

Plaintiff alleges the following facts in his original complaint. (Doc. 1.) On March 31, 2021, at Jefferson County Jail, a fellow inmate struck him. Plaintiff informed corrections officers that a group of inmates intended to seriously injure him, and he requested protective custody. Corrections officers on the morning shift responded by placing him in another cell. Later that day, "defendants" opened his cell, which allowed two other inmates to reach him. The two inmates attacked plaintiff, striking him with closed fists, kicking him, and ultimately throwing him down the stairs. He sustained

significant injuries, including a large facial scar and a fractured back, and he was taken to the hospital for treatment.

Plaintiff further alleges that the officers had no discretion to open the cell door without the presence of a corrections officer and that defendants had "no choice" but to keep plaintiff separated from other inmates.  He alleges that the failure to separate plaintiff was a violation of the jail's policies and procedures, that defendants were deliberately indifferent to a serious risk of harm to plaintiff, and that Jefferson County has a policy, custom, and practice of failing to train, supervise, control, and discipline its employees. Plaintiff names four defendants: Jefferson County, Missouri; Jacob Schurman; Phillip Crews; and Dave Marshak, as well as John and Jane Doe Officers.[1]  He brings two claims. Count 1 asserts, through 42 U.S.C. § 1983, that all defendants violated the Eighth and Fourteenth Amendments by failing to protect plaintiff from a substantial risk of harm. Count 2 asserts negligence on the part of the individual defendants.

Plaintiff's proposed amended complaint substitutes for the John and Jane Doe Officers twelve named defendants, including two supervisors, a jail administrator, and nine correctional officers.  (Doc. 28-1 at 2-4.)  The substance of the amended complaint mirrors that of the original complaint, except that the amended complaint additionally alleges upon information and belief that the individual and supervisor defendants have previously failed to follow County policy in keeping inmates separated and safe from other inmates.  (*Id*. at 40.)

On May 20, 2022, defendants moved to dismiss or, in the alternative, for a more definite statement.  (Doc. 9.)  Plaintiff opposed the motion.  (Doc. 14.)  On October 14, 2022, plaintiff moved for leave to file an amended complaint.  (Doc. 28.)  Defendants oppose plaintiff's motion, arguing that his amendments are futile.  (Doc. 29.)  The Court first addresses the arguments in the motion to dismiss before analyzing whether the proposed amendments would be futile.

---

[1] The original complaint also named as a defendant the Jefferson County Sheriff's Office, which plaintiff voluntarily dismissed on June 27, 2022.  (Doc. 15.)

## GENERAL LEGAL PRINCIPLES

A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  For a complaint to state a plausible claim for relief requires the plaintiff to allege the circumstances of the alleged incident, and in reviewing the complaint the Court is required to draw upon its experience and common sense.  *Id.* at 679.  The Court must assume the well-pleaded facts are true, but the Court does not have to accept as true merely general statements about what the law requires or prohibits.  *Id.* at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough) (citing *Twombly*, 550 U.S. at 555).  The current pleading standard "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79.

A court should freely give leave to amend a complaint when justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, a denial of leave to amend a complaint may be justified if the amendment would be futile.  *Geier v. Missouri Ethics Com'n*, 715 F.3d 674, 678 (8th Cir. 2013).  Denial of a motion for leave to amend on the basis of futility means the court has reached the legal conclusion that the amended complaint could not withstand a Rule 12(b)(6) motion to dismiss.  *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

## DISCUSSION

### *Count 1 against individual defendants*

Defendants first argue that Count 1 fails to state a claim under 42 U.S.C. § 1983. (Doc. 10 at 4.)  They contend that plaintiff fails to state specific facts to support an inference that each individual defendant, including anyone acting in a supervisory capacity, was deliberately indifferent.  (*Id*. at 5.)  In response, plaintiff restates the facts alleged in his

complaint and asserts that they are sufficient to state a claim against the individual defendants.  (Doc. 14 at 4.)

Section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).  "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

"To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014).  To plead the personal liability of individual defendants, plaintiff must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of constitutional rights. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999).

In his complaint, plaintiff names three individual defendants – Jacob Schurman, Philip Crews, and Dave Marshak – as well as John and Jane Doe officers.  However, he does not identify the individual defendants that allegedly opened his cell door.  He does not allege any other specific actions that the individual defendants took that violated his constitutional rights.  Though he names several defendants and pled the circumstances of the alleged incident, he has not alleged the personal involvement of any specific defendant.  The allegations in the complaint do not contain enough factual content to allow the Court to draw the reasonable inference that the defendants are liable for the misconduct alleged, as required by *Iqbal*, 556 U.S. at 678.  The Court concludes that plaintiff fails to state a claim under § 1983 as to the individual defendants in his original complaint.

Plaintiff's proposed amended complaint does not cure the original complaint's deficiencies.  Plaintiff states defendants provided in their initial disclosures the names of the individuals working on the day of the alleged incident, but defendants were unable or unwilling to identify which individuals were involved.  (Doc. 30 at 2.)  While plaintiff names an additional twelve individual defendants, he does not identify any actions taken by any individual defendant.  He alleges that, "despite his request and placement under protection, Individual and Supervisor Defendants opened [his] cell causing two other inmates to be able to get to [him]."  (Doc. 28-1 ¶ 30.)  This allegation, amended only to add "Individual and Supervisor Defendants," does not cure the deficiency of the original complaint.  Because plaintiff fails to allege any personal involvement in or direct responsibility for the acts complained of, the proposed amended complaint is futile as to the individual defendants in Count 1.

Defendants also argue that Count 1 as against the individual defendants is barred by qualified immunity because plaintiff has failed to sufficiently allege a violation of a constitutional right. (Doc. 10 at 5.)  Because the Court has concluded that plaintiff fails to state a claim under § 1983, it reserves judgment on the issue of qualified immunity.

### *Count 1 against defendant Jefferson County, Missouri*

Defendants contend that Count 1 fails to state a *Monell* claim against defendant Jefferson County because plaintiff has not asserted any unconstitutional policy or custom as the moving force behind the alleged deprivation of rights.  (Doc. 10 at 7.)  Plaintiff argues that his allegations are sufficient to state a claim for liability under *Monell*.  (Doc. 14 at 8.)

To state a claim against a public entity under § 1983, plaintiff must allege facts that plausibly indicate that plaintiff suffered injury due to a continuing, widespread, persistent pattern of unconstitutional conduct by the entity's employees or officials, including deliberate indifference after notice of the misconduct. *Monell,* 436 U.S. 658, 694 (1978); *Ware v. Jackson City, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998); *Doe v. Gooden*, 214 F.3d 952, 955 (8th Cir. 2000).  A single instance or isolated instances of wrongdoing are not

sufficient to constitute notice of a pattern of unconstitutional acts. *Harris v. City of Pagedale*, 821 F.2d 499, 508 (8th Cir. 1987). A plaintiff need not specifically plead the existence of an unconstitutional policy to survive a motion to dismiss; however, the failure to include any "allegations, references, or language by which one could begin to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom renders the complaint deficient." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (cleaned up).

Plaintiff alleges, upon information and belief, that Jefferson County "has continuously and deliberately failed to train, supervise, control and discipline its employees who violate inmates' constitutional rights, showing a policy, custom and practice." (Doc. 1 ¶ 26.) Paragraph 26 constitutes plaintiff's sole allegation against Jefferson County; he does not allege any other instances of wrongdoing or any other facts to support its allegation of a continuing, widespread, persistent pattern of unconstitutional conduct. Moreover, paragraph 26 does not contain any factual content, but rather a legal conclusion. It does not support an inference that the conduct complained of, i.e., the failure to protect plaintiff, resulted from an unconstitutional policy or custom.

Plaintiff does not articulate a *Monell* claim in Count 1. Though he incorporates by reference the factual allegations set forth in previous paragraphs, the substance of the allegations in Count 1 refer only to deliberate indifference and the alleged failure of the individual defendants to protect plaintiff. Nothing in the section alleges a pattern or practice of unconstitutional conduct. In his original complaint, plaintiff has failed to state a claim against defendant Jefferson County in Count 1.

Plaintiff's proposed amended complaint does not include any additional factual allegations regarding previous instances of failure to train, supervise, control, or discipline employees. It contains the same language as the original complaint, and the paragraph remains the sole allegation against Jefferson County. (Doc. 1 ¶ 26; Doc. 28-1 ¶ 41.) Similarly, Count 1 as amended does not contain a *Monell* claim. It focuses on the knowledge and actions of the individual defendants, not any pattern of unconstitutional

acts.  (Doc. 28-1 at ¶¶ 43-53.)  The proposed amended complaint is futile as to Jefferson County in Count 1.

### *Count 2 against individual defendants*

Regarding Count 2, defendants first argue in their motion to dismiss that plaintiff's claims against the individual defendants in their official capacities are barred by sovereign immunity.  (Doc. 10 at 8.)  In response, plaintiff agrees that the claims against the individual defendants in their official capacity are redundant of his claims against Jefferson County.  (Doc. 14 at 9.)  However, in the proposed amended complaint, plaintiff again asserts claims against all individual defendants in their official capacities.  (Doc. 28-1 ¶¶ 3-17.)  Plaintiff does not respond to defendants' restated argument that Count 2 should be dismissed against the individual defendants in their official capacities because it is redundant and barred by sovereign immunity.  (Doc. 29 at 3.)

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing government agency." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  Plaintiff's claims are not redundant because Count 2 asserts negligence only against the individual defendants, not against Jefferson County.  His official capacity claims are, however, barred by sovereign immunity.  Missouri law grants its public entities immunity for negligence, with the exception of the negligent operation of motor vehicles, the dangerous condition of property, or the purchase of insurance covering tort claims.  *See Moses v. Cnty of Jefferson*, 910 S.W.2d 735, 736 (Mo. Ct. App. 1995); Mo. Rev. Stat. § 537.600.1, 537.610.1.  Because a public entity's liability for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim falls within an exception to sovereign immunity.  *Epps v. City of Pine Lawn*, 353 F.3d 588, 594 (8th Cir. 2003).  Neither plaintiff's original nor amended complaint contains facts demonstrating an exception to sovereign immunity.  The Court therefore dismisses Count 2 as against the individual defendants in their official capacities.

Defendants next contend that plaintiff's claim against the individual defendants in their individual capacities are barred by official immunity. (Doc. 10 at 9.) Plaintiff argues that the individual defendants are not entitled to official immunity because they were required to perform safeguard procedures in accordance with jail policy; therefore, the acts they performed were ministerial, not discretionary. (Doc. 14 at 10.) He further contends that official immunity is an affirmative defense which must be pled by the individual defendants; because they have not yet answered, plaintiff suggests that dismissing the claims against them would be premature. (*Id.*)

Official immunity protects public officials sued in their individual capacities from liability for discretionary acts performed within the course of their official duties and without malice. *State of Mo. ex re. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. 2019). "Whether an act can be characterized as discretionary depends on the degree of reason and judgment required." *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008). "A task is considered discretionary when it requires the official's own judgment regarding the propriety of the task to be performed and requires the official to carry out the task 'fairly,' 'competently,' 'safely,' or 'reasonably' in a given situation." *Kemp v. McReynolds*, 621 S.W.3d 644, 653 (Mo. Ct. App. 2021) (citing *Alsup*, 588 S.W.3d at 193). A ministerial task "is one of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Southers*, S.W.3d at 610. The performance of ministerial tasks is not subject to official immunity. *Id*. "The determination of whether an act is discretionary or ministerial is made on a case-by-case basis, considering: (1) the nature of the public employee's duties; (2) the extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity." *Id*. When official immunity is asserted in a motion to dismiss, "a trial court may dismiss the petition only if the petition clearly establishes on its face and without exception that the defense applies and the claim is barred." *Nguyen v. Grain Valley R-5 School Dist.*, 353 S.W.3d 725, 729 (Mo. Ct. App. 2011) (quotations and citations omitted).

Plaintiff alleges that the officers had no discretion to open plaintiff's door without the presence of a corrections officer and that defendants "had no choice" but to keep plaintiff separated from other inmates. (Doc. 1 ¶¶ 17, 22.) He further alleges upon information and belief that the failure to keep plaintiff separated violated the jail's policies and procedures. (Doc. 1 ¶ 23.) The allegation that defendants had "no choice" but to keep him separated is a legal conclusion, not a factual allegation, as it states that the individual defendants' responsibility to keep plaintiff separated was not discretionary. However, the former allegations, that defendants violated the jail's policies and procedures by failing to keep him separated and that they could not open his door without a corrections officer present, are legally sufficient to survive a motion to dismiss on the basis of official immunity. "Keeping plaintiff separated" from other inmates could involve different steps based on the unique circumstances present in the jail, which could require a correction officer's discretion. Alternatively, the jail policies and procedures could dictate that the only course of action available to keep an inmate separated is to keep the cell door locked until a correction officer is present and all other inmates are locked in their cells. The complaint does not clearly establish on its face and without exception that official immunity applies and the claim is barred. *See Nguyen*, 353 S.W.3d at 729. Count 2 is therefore not barred by official immunity.

Last, defendants argue that plaintiff's claims against the individual defendants are barred by the public duty doctrine. (Doc. 10 at 11.) They contend that their primary duty was ensuring the safety and security of the jail, which was a duty owed to the public at large. (*Id*.) Plaintiff argues in response that the public duty doctrine does not apply because he had a special, direct, and distinct interest in being protected from his fellow inmates. (Doc. 14 at 11.)

The public duty doctrine provides that a public employee is not civilly liable for the breach of a duty owed to the general public, rather than an individual. *Southers*, 263 S.W.3d at 611. "The applicability of the public duty doctrine negates the duty element required to prove negligence, such that there can be no cause of action for injuries sustained as the result of an alleged breach of public duty to the community as a whole." *Id*. at 612.

A public employee may still be found liable for the breach of a ministerial duty in which an injured party had a special, direct, and distinctive interest. *Id*. at 611-12. "This exception exists when injury to a particular, identifiable individual is reasonably foreseeable as a result of a public employee's breach of duty." *Id*. at 612.

Plaintiff alleges that he informed corrections officers that a group of individuals, in addition to the inmate that struck him, intended to seriously injure him. (Doc. 1 ¶ 14.) Corrections officers honored his request for protective custody by placing him in another cell. (*Id*. ¶ 15.) In Count 2, he claims that the individual defendants were negligent in failing to keep him safe; opening his door while others were in the area; failing to keep his door closed when others were in the area; failing to secure the other inmates before opening his door; failing to keep him in protective custody; and allowing other inmates to injure him. (*Id*. ¶ 41.) Plaintiff has pled that, at the time of the alleged negligence, he was a particular, identifiable individual whose injury was reasonably foreseeable.

Defendants cite *Cooper v. Planthold* for the proposition that Missouri courts have broadly construed the meaning of public duties in the context of the duties of police officers. 857 S.W.2d 477, 479 (Mo. Ct. App. 1993); (Doc. 19 at 11). They argue that *Cooper* supports their argument that the duties owed by defendants to plaintiff were directed at keeping all inmates safe, not only plaintiff. (Doc. 19 at 11.)

The Court disagrees. *Cooper* concerned the liability of a booking officer who failed to confiscate an arrestee's suspenders, which the arrestee later used to hang himself. 857 S.W.2d 478. The arrestee's father filed suit, claiming that the booking officer was negligent in failing to follow departmental procedures mandating the removal of personal property. *Id*. at 478-79. The appellate court concluded that the public duty doctrine applied because the personal property removal policy had several public policy rationales, including the protection of the prisoner and others in custody, as well as preventing litigation over lost property. *Id*. at 480. Here, plaintiff has not alleged that defendants breached a general duty to maintain the safety and security of the jail. Rather, he alleges that they breached a ministerial duty to keep him in protective custody, a duty which was contained in the jail's policies and procedures and in which he had a special, direct, and

distinctive interest. He contends that the individual defendants were aware of his request to be placed in protective custody and, with this awareness, failed to keep him safe. The public duty doctrine does not mandate dismissal at this stage.

Lastly, the Court concludes that the proposed amended complaint is not futile as to Count 2. The relevant allegations in plaintiff's proposed amended complaint are identical to those in his original complaint except that he replaces references to "officers" and "defendants" with "Individual and Supervisor Defendants." (Doc. 1 ¶¶ 17, 22-23, 40-44; Doc. 28-1 ¶¶ 31, 36-37, 55-59.) It does not change the substance of Count 2, so it would likewise not be barred by official immunity or the public duty doctrine. The Court sustains plaintiff's motion for leave to file an amended complaint as to Count 2.

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of defendants Jefferson County, Phillip Crews, Dave Marshak, and Jacob Schurman to dismiss **[Doc. 9] is sustained as to Count 1, and otherwise denied.**

**IT IS FURTHER ORDERED** that the motion of plaintiff Justin Johnson for leave to file an amended complaint **[Doc. 28] is sustained as to Count 2, and otherwise denied.** Plaintiff must file an amended complaint within 30 days of this date.

                                                     **/s/ David D. Noce**
                                   **UNITED STATES MAGISTRATE JUDGE**

Signed on November 10, 2022.