UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUSTIN JOHNSON | ) |
| Plaintiff, | ) No. 4:22-cv-00375-JSD |
| v. | ) |
| JEFFERSON COUNTY, MISSOURI, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint ("Plaintiff's Motion") (ECF No. 69). Plaintiff seeks to amend its First Amended Complaint by dismissing his claims against Defendant Crews, Marshak, Dolan, Dennis, Burgess, Thornhill, Gullet, Ising, Torres, Waller, Rector and Short, without prejudice, and by adding claims against Defendants Jacob Schurman, Christopher Taylor and Tenesa Cash. Plaintiff recognizes that "the time alloted in the Court's Scheduling Order for Plaintiff to file his motion to amend the pleadings has passed," but maintains that, among other things, the requested filing will "narrow the issues and allegations" and does not prejudice any party. (*Id.*, ¶ 4-5). Also before the Court is a related Defendant's Motion to Strike Count 1 and John and Jane Doe Officers and [Jefferson County's] Motion to Dismiss Defendant Jefferson County ("Motion to Dismiss") (ECF No. 34). In light of the Court's order herein relating to Plaintiff's Motion, the Court denies Defendant's Motion to Dismiss as moot.

In response to Plaintiff's Motion, Defendants Ryan Burgess, Phillip Crews, Anthony Dennis, John Dolan, Thomas Gullett, Eugene Ising, Dave Marshak, James Rector, Jacob Schurman, Brenda Short, Officer Taylor, Juliann Thornhill, Melvin Torres, Jac Waller ("Opposing

Defendants") wholly oppose the motion. (ECF No. 71).  Opposing Defendants argue, among other things, that Plaintiff's request was untimely and lacks "good cause" to allow the filing because Plaintiff was not diligent in seeking the discovery needed to amend the complaint. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *see also Popoalii v. Corr. Med. Services*, 512 F.3d 488, 497 (8th Cir. 2008) (ECF No. 71 at 4).  Moreover, Opposing Defendants also claim that they will be prejudiced by the late filing and ask the Court to deny the proposed amendment because it will necessitate "having to research, defend and assert additional affirmative defenses for entirely new claims. . . within the short remaining discovery period." (ECF No. 71 at 5).

The standard for whether a court should grant leave to amend a complaint is found in Federal Rule of Civil Procedure 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although this Court acknowledges that "there is no absolute right to amend a pleading," *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003) (citations omitted), justice requires that leave to file the Second Amended Complaint should be granted.  Indeed, Plaintiff's amendment partly includes allegations at the crux of this case that directly respond to the Court's November 10, 2022 Memorandum and Order (ECF No. 31), which stated that Plaintiff's proposed amended complaint (ECF No. 28 at 5) at the time failed to "identify any actions taken by any individual defendant." Here, Plaintiff's proposed pleading specifically states actions taken by Schurman, Taylor and Cash (ECF 28, Ex. 1 at p.3 ¶ ¶ 16-22).

Moreover, the Court finds "good cause" to allow the untimely filing as Plaintiff was diligent in obtaining this necessary information.  To be sure, Plaintiff's amendment "could not reasonably have been offered sooner," *Transamerica Life Ins. v. Lincoln Nat. Life Ins. Co*., 590 F.Supp.2d 1093, 1100 (N.D. Iowa 2008), as Plaintiff only became aware of the "newly discovered facts" or "other changed circumstance" through reasonably timely discovery not long before the

filing of the new complaint. *See Sherman*, 532 F.3d. at 716. For example, the initial 126-page discovery materials did not specifically identify, without more explanation, the individual defendants' pertinent roles and actions, which information Plaintiff obtained only through follow-up discovery procedures.

Finally, this Court finds that Defendants will not be prejudiced by this amended pleading. First, Plaintiff's new complaint purportedly identifies by specific name defendants previously identified in a prior pleading as "John Doe" and "Jane Doe." Second, the trial in this matter is set for February 20, 2024, which leaves Defendants time to prepare, "research, defend and assert additional affirmative defenses" under the circumstances using information they already possess.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 69) is **GRANTED,** and Plaintiff's Second Amendment Complaint shall be deemed filed instanter.

**IT IS ALSO ORDERED** that Defendant's Motion to Strike Count 1 and John and Jane Doe Officers and [Jefferson County's] Motion to Dismiss Defendant Jefferson County (ECF No. 34) is therefore **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants shall file their answers to Plaintiff's Second Amended Complaint within the time set forth under the federal rules.

_____
**JOSEPH S. DUEKER**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of August, 2023.