# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JUSTIN JOHNSON, | |
| Plaintiff, | Case No.  4:22-CV-00375-JSD |
| v. | |
| JEFFERSON COUNTY, MISSOURI, *et al*. | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Quash Defendants' Subpoena Notice of Deposition of Vadim Baram, Inc., and Megan Robison; Dr. R. Peter Mirkin, Signature Orthopedics; Hyland Behavioral Center; and Dr. Rachel George. ("Motion to Quash") (ECF No. 72) and Defendants filed a Motion for Ruling That Document is Not Subject to Protections of Federal Rule 26(b)(5)(B) (ECF No. 89). The Court held an-in person conference on August 10, 2023. These matters are fully briefed and ready for disposition.  For the reasons stated herein, the Court will grant, in part, and deny, in part, the requested relief in the Motion to Quash and grant Defendants' Motion for Ruling That Document is Not Subject to Protections of Federal Rule 26(b)(5)(B) as to documents bates stamped JCSO 00094-0203.

## BACKGROUND

Plaintiff Justin Johnson ("Plaintiff") brought this civil rights action under 42 U.S.C. §1983 and the Eighth and Fourteen Amendments to the United States Constitution. (ECF No. 94, ¶ 8). Plaintiff alleges that, on March 31, 2021, while incarcerated at the Jefferson County Jail, Defendant Officer Schurman issued an order to open Plaintiff's cell door, despite two other inmates freely roaming in the locked-down pod.  (ECF No. 94, ¶ 20).  Thereafter, two inmates

attacked Plaintiff and threw him down the stairs.  (ECF No. 94, ¶¶ 24-25).

On July 26, 2023, Plaintiff filed the Motion to Quash, which seeks to quash the subpoenas requesting records from Plaintiff's individual medical providers. (ECF No. 72). These subpoenas request Plaintiff's medical records from February 1, 2021 to the present.

In his Motion to Quash, Plaintiff argues that his lawsuit alleges "strictly limited … garden variety emotional distress and mental anguish" and has not put his "diagnosable mental health at issue."  (ECF No. 72, ¶¶ 9, 12).  Likewise, Plaintiff claims that the records requests "is not limited in any way to the parts of the body put at issue in this lawsuit."  (ECF NO. 72, ¶ 16). Plaintiff asks that the Court quash these subpoenas in their entirety or allow Plaintiff to obtain these records via medical authorization, which he will provide to the Court for in camera review.

## STANDARD OF REVIEW

Under the federal rules, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. In turn, Federal Rule 45(d)(3)(A) provides: "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that'

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). "In short, the undue burden standard of Rule 45 calls for a balancing test that pits the relevance of and need for the testimony (on one side of the scale) against the burdens associated with supplying the testimony (on the other side of the scale)." *Arkansas State Conf. NAACP v. Arkansas Bd. of Apportionment*, No. 4:21-CV-01239-LPR, 2022 WL 300917, at *6 (E.D. Ark. Jan. 31, 2022).

## DISCUSSION

### A. Motion to Quash

Here, Plaintiff alleges injury to his "face, head, [and] back" and "has suffered and will continue to suffer emotional and physical pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment, life, and stress." Given that he only alleges "garden variety emotional distress and mental anguish" (ECF No. 72, ¶ 9), Plaintiff claims that the subpoenaed documents should be limited to these alleged physical injuries and exclude his mental health records.

The Court finds that Plaintiff has put his mental and physical health at issue in this lawsuit, making his medical treatment records, including mental health treatment, discoverable. *See Milton v. Belmar*, No. 4:20-CV-003 RLW, 2021 WL 2018025, at *2 (E.D. Mo. May 20, 2021) (noting that courts in this district have found "mental health treatment records may be discovered to explore the possibility of other causes for a plaintiff's 'garden variety' emotional distress in both civil rights and employment discrimination cases, but has reserved ruling as to whether the records would be admissible at trial"); *Darden v. AT&T Corp.*, No. 4:14CV1198 RLW, 2015 WL 4993986, at *2 (E.D. Mo. Aug. 19, 2015) (citing *Lewis v. Temp–Air, Inc.*, No. 4:14–CV–398

3

CDP, 2014 WL 5432122, at *2 (E.D.Mo. Oct. 27, 2014)("Medical materials regarding [Plaintiff's] mental health 'may become relevant to establish ... that there were causes other than [her] termination that caused [her] emotional distress.'"). Further, the Court determines that production of these documents is not precluded by any privilege recognized by federal courts. *See Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012) ("Federal courts have consistently refused to recognize a federal physician-patient privilege, and the Advisory Committee Notes to the Federal Rules of Evidence concluded that there is 'little if any basis' for such a privilege.").

Therefore, the Court holds Plaintiff's Motion to Quash is granted, in part, and denied, in part, and the medical providers are ordered to comply with the subpoenas. As to Dr. R. Peter Mirkin, Signature Orthopedics and Dr. Rachel George, the Court orders the providers to produce the requested records as they relate to Plaintiff's face, head, back, and urinary problems from February 1, 2021, to present. Further, as to Hyland Behavioral Health Center and Vadim Baram, Inc., and Megan Robinson, the Court orders the providers to produce the requested records that concern or relate to Plaintiff's manic episodes, bipolar disorder, paranoia, feeling threatened, nervousness, trust issues from February 1, 2021 to present.

## B. Motion for Ruling

On August 9, 2023, Defendants filed a Motion for Ruling That Document is Not Subject to Protections of Federal Rule 26(b)(5)(B)[1] as it relates to documents bates stamped JCSO

---

[1] Fed. R. Civ. P. 26(b)(5)(B) provides: "If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved."

00094-0203. Plaintiff claims that, as part of his Rule 26(a)(1) disclosures, he produced the jail report of the incident and 200 pages of medical records. (ECF No. 95 at 2). Plaintiff further contends that he inadvertently produced medical records, including records related to his mental health, for two visits prior to the incident. Plaintiff claims that the use of these inadvertently-produced documents are protected by the physician-patient privilege, violates Federal HIPAA (Health Insurance Portability and Accountability Act of 1996) laws.

Defendants' Motion is granted and this Court finds that the documents bates stamped JCSO 0094-0203 are not subject to the protections of Federal Rule of Civil Procedure 26(b)(5)(B). As previously noted, the Court holds that Plaintiff has not demonstrated a recognized federal privilege from production of medical records. Further, the Court holds that these documents are relevant to Plaintiff's lawsuit because he has put his medical, including mental, health at issue. Given that these documents are relevant to the instant lawsuit and not subject to the protections of Fed. R. Civ. P. 26(b)(5)(B), the Court grants Defendants' Motion and denies Plaintiff's request for the return of these documents.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Defendants' Subpoena Notice of Deposition of Vadim Baram, Inc., and Megan Robison; Dr. R. Peter Mirkin, Signature Orthopedics; Hyland Behavioral Center; and Dr. Rachel George. ("Motion to Quash") (ECF No. 72) is **GRANTED**, in part, and **DENIED**, in part, as set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion for Ruling That Document is Not Subject to Protections of Federal Rule 26(b)(5)(B) (ECF No. 89) is **GRANTED**.

5

Dated this 22nd  day of August 2023.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE